# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SHERRY P. GEYELIN**, Personal Representative Of the Estate of Philip Geyelin, | * |
| Plaintiff/Judgment Creditor, | * |
| v. | * Civil No. 05-mc-264 |
| **JOHN LOUIS CALDWELL,** | * |
| Defendant/Judgment Debtor, | * |
| v. | * |
| **CHEVY CHASE BANK**, | * |
| Garnishee. | * |

## MEMORANDUM OPINION

The Court has received Plaintiff/Judgment Creditor Sherry P. Geyelin's Memorandum Addressing Substantive Legal Issues Raised by the Court [Paper No. 29] and Defendant/Judgment Debtor John Louis Caldwell's Request to Release Garnishment in Whole [Paper No. 30]. The parties' filings come in response to the Court's Order dated April 20, 2006 directing Garnishee Chevy Chase Bank to hold $619.77 in abeyance subject to Geyelin's writ of garnishment and directing Geyelin to respond to certain legal and factual issues raised by the Court during the March 30, 2006 hearing and the subsequent filings by Caldwell.

Upon review of the parties' filings, the Court will DISSOLVE and DISMISS the Writ and will GRANT Caldwell's Request that the Garnishee release all remaining funds in its possession subject to the writ of garnishment.

**I.**

1

The bank account in issue is jointly titled in the name of Caldwell and his wife, Nina McClain. The evidence shows that, prior to the filing of the Writ of Garnishment, Caldwell and/or the estate of his deceased mother placed the account in the names of Caldwell and his wife. The issue before the Court is whether the account is garnishable.

## II.

The Court applies the law of Maryland, the forum state, to determine what property of Caldwell is exempt from execution of the writ. *See* Restatement (Second) of Conflict of Laws § 132 (1971). As previously determined by the Court and acknowledged by the parties, a conveyance of property to husband and wife is presumed to create a tenancy by the entireties. The nature of this tenancy was discussed in *Brewer v. Bowersox*, 92 Md. 567, 48 A. 1060, 1062 (1901):

> It is not because a conveyance or gift is made to husband and wife as joint tenants that the estate by entireties arises, but it is because a conveyance or gift is made to two persons who are husband and wife; and since, in the contemplation of the common law, *they are but one person, they take, and can only take, not by moieties, but the entirety*. The marital relation, with its common-law unity of two persons in one, gives rise to this peculiar estate when a conveyance or gift is made to them without restrictive or qualifying words; and they hold as tenants by the entirety, not because they are declared to so hold, but because they are husband and wife. This estate, with its incidents, continues in Maryland as it existed at the common law.

As the Maryland Court of Appeals stated in *Annapolis Banking & Trust Co. v. Smith*, 164 Md. 8, 164 A. 157, 158 (1933) (citations omitted), the estate cannot be divided or subjected to the independent debts of either spouse:

> It has long been the settled law of this state that property held by husband and wife as tenants by the entireties cannot be taken to satisfy the several and separate debts of either tenant.

*See also State v. One 1984 Toyota Truck*, 311 Md. 171, 187, 533 A.2d 659 (1987) ("Nor may property held by the entirety be taken to satisfy the individual debts of husband or wife.")

2

It is presumed that the bank account in this case - - established prior to the execution of the Writ - - was created as a tenancy by the entireties. Nothing in the record suggests otherwise. As a result, the account is not subject to garnishment.

Accordingly, the Writ of Garnishment shall be DISSOLVED and Caldwell's Request to Release Garnishment will be GRANTED.

A separate Order shall issue.

August 31, 2006                                  /s/
                                                         PETER J. MESSITTE
                                       UNITED STATES DISTRICT JUDGE